IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAROLE ELLIS**                                                                           **PLAINTIFF**

v.                                              Case No. 4:22-CV-00080-LPR

**WALKER BROWN, individually and in his
official capacity as Officer for the City of
Benton, and CITY OF BENTON**                                         **DEFENDANTS**

## ORDER

At the time this lawsuit commenced, Plaintiff Carole Ellis alleged violations of her rights under the United States Constitution, the Arkansas Constitution, and Arkansas common law.[1] She brought the action in Arkansas State Court, but Defendants removed the case to federal court.[2] After the close of discovery, Defendants moved for summary judgment on all of Ms. Ellis's claims.[3] In her Response, Ms. Ellis abandoned all of her federal claims and all but one of her state law claims.[4] Accordingly, judgment will be entered in Defendants' favor as to all of the abandoned claims.[5] The only claim left standing is the malicious prosecution claim under Arkansas common law.[6]

---

[1] *See* Compl. (Doc. 2).

[2] *See* Notice of Removal (Doc. 1).

[3] Defs.' Mot. for Summ. J. (Doc. 12).

[4] *See* Pl.'s Resp. to Defs.' Mot. for Summ. J. (Doc. 26) ¶¶ 1–2, 8.

[5] Ms. Ellis requests that the Court dismiss the federal claims without prejudice. Once a defendant files a motion for summary judgment, a claim "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court does not think that dismissal without prejudice is the proper disposition in the case at bar. Ms. Ellis's request for dismissal came in response to Defendants' summary-judgment motion, and Ms. Ellis did not contest Defendants' summary-judgment arguments. In that context, her request for dismissal is really more of a concession that summary judgment in favor of Defendants is appropriate.

[6] *See* Pl.'s Resp. to Defs.' Mot. for Summ. J. (Doc. 26) ¶¶ 3, 8. Ms. Ellis designates her request for punitive damages as a "claim," but it is really a form of relief. Nothing in the instant Order should be construed as this Court passing on the propriety of punitive damages (as potential relief for a state law malicious-prosecution claim) in this case.

Ms. Ellis's decision to abandon all of her federal claims leaves this Court with a decision of its own: whether to allow the parties to continue litigating this case in federal court.[7] Congress, through 28 U.S.C. § 1367(c)(3), has granted federal district courts discretion to "decline to exercise supplemental jurisdiction over a claim" in situations where "the district court has dismissed all claims over which it has original jurisdiction . . . ."  The Court concludes that remand is the appropriate course of action here.  Ms. Ellis's sole live claim arises from Arkansas's common law, which is "the primary concern of" the Arkansas Supreme Court.[8]  Moreover, her claim will likely require the adjudicating court to perform the delicate task of reconciling (1) Arkansas's common law prohibition against malicious prosecution, (2) the Arkansas General Assembly's grants of statutory immunity to public servants, and (3) the Arkansas Supreme Court's various interpretations of those immunity statutes.  Arkansas's state courts are far better suited for the job.  So this Court declines to exercise supplemental jurisdiction and remands the remaining claim back to Arkansas state court.

IT IS SO ORDERED this 26th day of June 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[7] *See id.* ¶ 8.

[8] *Shannon v. Wilson*, 329 Ark. 143, 151, 947 S.W.2d 349, 353 (1997).